**Derrick Solomon PRUITT,
Plaintiff–Appellant,**

v.

**Janice BROWN, Washington County,
MS Fourth Judicial District Circuit
Court Clerk, in her individual and official
capacities; Ashley Hines, Circuit
Court Judge, Fourth Judicial District,
Washington County, MS; Leola
Jordan, Former Washington County
Circuit Court Clerk, Defendants–Appellees.**

No. 05–60952
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2006.

Derrick Pruitt, Leakesville, MS, pro se.

Edwin W. Tindall, Lake Tindall, Greenville,
MS, John Lewis Clay, Office of the
Attorney General for the State of Mississippi,
Jackson, MS, for Defendants–Appellees.

Before DeMOSS, STEWART, and
PRADO, Circuit Judges.

PER CURIAM: *

Derrick Solomon Pruitt, Jr., Mississippi
prisoner # 46846, has filed a motion for
leave to proceed in forma pauperis (IFP)
on appeal. The district court denied
Pruitt's IFP motion and certified that the
appeal was not taken in good faith. By
moving for IFP, Pruitt is challenging the
district court's certification. *Baugh v.
Taylor,* 117 F.3d 197, 202 (5th Cir.1997).

Pruitt alleged that Janice C. Brown, the
Circuit Court Clerk for Washington County,
Mississippi, denied his request for documents
related to his criminal conviction.
Pruitt alleged that Brown did not deliver
the documents based on instructions from
Circuit Judge Ashley Hines. "Judicial officers
are entitled to absolute immunity

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994). This immunity can be overcome only by demonstrating that the conduct complained of was non-judicial or by showing that the conduct was "in the complete absence of all jurisdiction." *Id.* Judicial acts are those that are " 'normally performed by a judge' " and that affect parties who " 'dealt with the judge in his judicial capacity.' " *Id.* at 285. Court clerks "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001).

On appeal, Pruitt's arguments are based solely on the irrelevant issue of qualified immunity for Brown. Pruitt makes the conclusional assertion that Brown's refusal was a ministerial act not covered by qualified immunity. Pruitt does not refute his allegation that Brown was acting on the instructions of Judge Hines. Pruitt has not presented a nonfrivolous issue on appeal.

Pruitt has not shown that the district court's determination that his appeal would be frivolous was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Pruitt's request for IFP status is denied, and his appeal is dismissed. *See Howard v. King*, 707 F.2d 215, 219–220 (5th Cir.1983); 5TH CIR. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.